# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12-CR-174 |
| | § | (Judge Crone) |
| PRUDENTIAL ANNUITIES LIFE | § | |
| ASSURANCE CORP. | § | |
| Garnishee-Defendant | § | |
| and | § | |
| RICKY LEE PRINCE | § | |
| Judgment-Defendant | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is a dispute regarding United States' Application for a Writ of Continuing Garnishment against Prudential Annuities Life Assurance Corp. (Dkt. #37).

## BACKGROUND

On August 13, 2013, the Court entered Judgment in a Criminal Case against Judgment-Defendant Ricky Lee Prince ("Defendant") in which he was ordered to make restitution to the victims of his criminal conduct in the amount of $1,461,807.27 (Dkt. #30). As of February 20, 2014, the outstanding balance owed by Defendant on the victim restitution was $1,461,732.27.

On January 27, 2014, the United States moved the Court for a Writ of Continuing Garnishment against Garnishee-Defendant, Prudential Annuities Life Assurance Corp. ("Prudential") (Dkt. #37). The writ was issued on January 29, 2014, ordering that Prudential answer whether it had in their custody or possession any property owned by Defendant (Dkt. #39).

Prudential was personally served with the Writ of Continuing Garnishment and other garnishment-related documents on February 18, 2014 by the United States Marshal Service (Dkt. # 47). Prudential first answered the garnishment without including necessary information regarding

the assets in its possession (Dkt. #45). After the United States objected to Prudential's answer identifying those substantive deficiencies, Prudential filed a Supplemental Answer on March 17, 2014 stating it is in possession of a variable annuity contract, account no. XXXX6067, held in the name of Claudia Prince, Defendant's spouse (Dkt. #46, #49).

On March 21, 2014, Defendant filed a response to Application for Writ of Continuing Garnishment and a request for hearing (Dkt. #51, #52). In his request for a hearing, Defendant asserts that the Government failed to comply with the statutory requirement for issuance of the writ of continuing garnishment without specifically indicating the deficiency. In Defendant's response, Defendant asserts that he has no right, title, or interest in the personal property involved and that the property held by Prudential is the sole, separate property of his wife, Claudia Prince. Defendant asserts that he does not own a variable annuity contract.

These matters were referred to the undersigned for hearing and proposed recommendations for their depositions (Dkt. #55).

Under the Mandatory Victim Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, the Court is required to order a defendant convicted of "an offense against property ... including any offense committed by fraud or deceit" to make restitution to any "identifiable victim or victims [who have] suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii)-(c)(1)(B). Orders of restitution issued under § 3663A must conform to the requirements of 18 U.S.C. § 3664. 18 U.S.C. § 3663A(d).

The law serves the dual purposes of ensuring "that criminals pay full restitution to their victims for all damages caused as a result of the crime" and providing "those who suffer the consequences of crime with some means of recouping the personal and financial losses." H.R. REP.

No. 104-16, at 4-5 (1995); *see also United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003); *United States v. Perry*, 360 F.3d 519 (6th Cir. 2004). In attempting to restore the full loss amount to each victim, the court is required to order restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see, e.g., United States v. Karam*, 201 F.3d 320, 330 (4th Cir. 2000); *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).

Section 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (which is 18 U.S.C. §§ 3571-3574) and subchapter B of chapter 229 of Title 18 (which is 18 U.S.C. §§ 3611-3615), or by all other available and reasonable means. 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). The operative enforcement provision is 18 U.S.C. § 3613, which provides "Civil remedies for satisfaction of an unpaid fine," but is fully "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). The Fifth Circuit found that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002).

"The Government is authorized under 18 U.S.C. § 3613(a) (2000) to collect criminal fines and restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" *Id.* (quoting 18 U.S.C. § 3613(a)).

18 U.S.C. § 3613(a) provides as follows:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law ... a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that-
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt

> from enforcement of the judgment under Federal law;
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).

Pursuant to 18 U.S.C. § 3613(c), once restitution is ordered, all of the defendant's property becomes subject to a lien in favor of the United States. In addition, for purposes of debt collection, such a lien is treated like a tax lien. *Id.* Thus, "any property the IRS can reach to satisfy a tax lien, a sentencing court can also reach in a restitution order." *United States v. Hosking*, 567 F.3d 329, 335 (7th Cir. 2009); *see also United States v. Kollintzas*, 501 F.3d 796, 802 (7th Cir. 2007) ("Liens to pay restitution debts are treated like tax liens, so that they are 'effective against every interest in property accorded a taxpayer by state law.'").

Section 3613(c) broadly defines the property subject to attachment by the government indicating that, "Congress meant to reach every interest in property that a taxpayer might have." *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989); 18 U.S.C. § 3613(c).

The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA. 28 U.S.C. §§ 3001-3308 ("FDCPA"); *Phillips*, 303 F.3d at 551. "The FDCPA provides the most effective means for the Government to enforce private victim restitution orders because it provides a uniform system for prosecutors to follow rather than resorting to the non-uniform procedures provided by the states." *Id.* Section 3205 of the FDCPA sets forth the procedures utilized in garnishment proceedings. *United States v. Texas Life Ins. Co.*, No. 1:04-CR-60, 2011 WL 900099, at *1 (E.D. Tex. Mar. 14, 2011). Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment ... in order to satisfy the judgment against the debtor." 28

U.S.C. 3205(a). Sections 3202 and 3205 of the FDCPA provide instructions on how Defendant may challenge the order. 28 U.S.C. §§ 3202(b), 3202(d), and 3205(c)(5).

"[W]ithin 20 days after receiving the notice [of the writ]," the debtor may request a court hearing. 28 U.S.C. § 3202(d). Further, under Subsection 3202(d), the issues at a hearing seeking to quash an order granting an enforcement remedy are limited: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment. 28 U.S.C. § 3202(d).

In this case there is no dispute that the United States followed the proper procedures in obtaining the writs of garnishment at issue. Defendant did check the form that indicated that the Government failed to comply with the statutory requirements necessary for the issuance of the writ, but he neglected to identify what those alleged errors could be. Thus, Defendant has waived any such argument of statutory non-compliance. Thus, Defendant is left with only asserting that there are exemptions that apply in this case.

The MVRA applies the exemptions set out in the Internal Revenue Code, 26 U.S.C. § 6334, which lists property "exempt from levy." The listed exempt property does not include retirement accounts, IRA's, or similar retirement funds.[1] The exemptions available in proceedings to collect criminal restitution judgments are limited to those set out in 26 U.S.C. § 6334, and retirement

---

[1] There are a few specific retirement plans included in the list of exemptions; for example, funds under the Railroad Retirement Act are exempt. 26 U.S.C. § 6334.

benefits are not exempt. *United States v. DeCay*, 620 F.3d 534, 541 (5th Cir. 2010). The only property exempt from garnishment under § 3613(a) is property that the government cannot seize to satisfy the payment of federal income taxes. 18 U.S.C. § 3613(a). Section 3613(c) underscores the Congressional directive that restitution orders should be satisfied in the same manner as tax liabilities. 18 U.S.C. § 3613(c) (stating that an order of restitution imposed under this chapter "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986"). As the Fifth Circuit has already recognized, pension plan benefits are subject to levy under the Internal Revenue Code to collect unpaid taxes. *See Shanbaum v. United States*, 32 F.3d 180, 183 (5th Cir. 1994). Other courts have reached the same conclusion, holding the exemptions available in a federal court garnishment action seeking collection of restitution are limited to those in the Internal Revenue Code, and retirement benefits are not exempt. *See, e.g., United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007); *Phillips*, 303 F.3d at 550-51.

Thus, the only exemptions available to Defendant would be the following: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects up to $6,250 in value; (3) books and tools of a trade, business, or profession up to $3,125 in value; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service; (7) workman's compensation; (8) judgments for support of minor children; (10) certain service-connected disability payments; and (12) assistance under the Job Training Participation Act. 26 U.S.C. § 6334(a)(1)-(8), (10), and (12). Defendant does not assert that any of these exemptions apply to this case and the Court finds that none of these exemptions are applicable to Defendant's community property interest

in his wife's Prudential annuity account.

Defendant asserts that the Prudential annuity is his wife's separate property and therefore somehow not properly subject to this enforcement action. He claims that Prudential's answer regarding his wife's account is conclusive proof regarding his purported lack of a property interest in the Prudential account. Even if this were true, Defendant provides no evidence regarding the community character of the property, such as the date of his marriage, when his wife acquired that annuity, or the source of the funds used to purchase the annuity. Based on Prudential's answers to the garnishment, the United States asserts that the Prudential account is Claudia Prince's solely-managed community property, and is therefore subject to the writ of continuing garnishment in the amount of fifty percent (50%) of its present value. The Court agrees. *See Medaris*, 884 F.2d at 833-34. Although Texas law provides that a non-debtor-spouse's sole management community property is ordinarily beyond the reach of a debtor-spouse's creditors for nontortious liabilities incurred during the marriage, such state law exemptions are void as to federal tax liens. *See United States v. Loftis*, 607 F.3d 173, 179 (5th Cir. 2010) (citing *Medaris*, 884 F.2d at 833-34); see also 18 U.S.C. § 3613(a); see Tex. Fam. Code § 3.202(b). Because Defendant has failed to demonstrate that Claudia Prince's Prudential variable annuity contract is her sole separate property, Defendant's request for a hearing should be denied.

The Court finds that Defendant has not identified any exemptions that would apply. The Court must follow the mandate of Congress, and recommends denying Defendant's request for hearing in these matters.

## RECOMMENDATION

The Court recommends that the Defendant's exemption claim should be denied and the

requests for hearing should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 27th day of August, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE